## W. A. THREADGILL v. N. BUTLER.

Decided October 28, 1903.

**School Land—Change of Price.**

Following Stewart v. Wagley, 68 S. W. Rep., 297, the change in valuation of the land by the Commissioner of the Land Office to one dollar an acre a few days after the application to purchase the same entitled the Commissioner to accept this as the standard of value in awarding it to the applicant as against a subsequent proposed purchaser.

Appeal from the District Court of Tom Green. Tried below before Hon. J. W. Timmins.

*Dubois & Allen,* for appellant.

*Hill & Lee* and *A. R. Burgess,* for appellee.

FISHER, CHIEF JUSTICE.—On the 8th day of April, 1902, the appellant instituted this suit in trespass to try title against Butler, to recover school section 6, certificate No. 807, A. B. & M., containing 640 acres of land, situated in Tom Green County.

The defendant answered by plea of not guilty and res adjudicata, claiming that the issues involved in this suit had been settled and determined by a former judgment rendered in a case between the same parties. The trial court instructed a verdict in favor of the defendant.

We find the following facts: On the 19th day of March, 1896, and prior thereto, school section 208 in the name of the Southern Pacific Railroad Company, situated in Tom Green County, was classified as dry grazing land, and appraised at $1 per acre, and placed on the market for sale on the 19th day of March, 1896. On the 19th day of November, 1898, the appellee applied to purchase this section as an actual settler, and the same was duly awarded to him by the Commissioner of the Land Office. He made the payments due, and has subsequently paid all amounts due upon this section, and has occupied the land as his home since his purchase for three consecutive years, and has filed his proof of occupancy in the Land Office, as required by law. Section 6, the land in controversy, is a school section, located by virtue of certificate No. 807 in the name of Adams, Beatty & Moulton, and is classified as dry grazing land, in Tom Green County, situated within five miles of the home section of the appellee, as above described. On the first day of November, 1899, the appellee applied to purchase the land in controversy, and filed his application in the Land Office on the 3d of November, 1899, as additional lands to his home section. His bid was $1.55 per acre, which application was, by the Commissioner of the Land Office received, approved and filed, and the following January the land was awarded to the appellee on this application. This land has been previously classified as dry grazing land at $2 per acre, the figure 2 in the column having been written over the figure 1, and that these

facts were shown by the records of Tom Green County. On the 6th day of November, 1899, the Commissioner appraised and valued the section in controversy at $1 per acre, which valuation and appraisement was filed in the office of the county clerk of Tom Green County on November 8, 1899. Another classification and valuation was made by the Commissioner of date November 8, 1899, at $2 an acre, which valuation and classification was afterwards filed in the office of the county clerk of Tom Green County. The appellee, at the time of his purchase of the land in controversy, executed his obligations, as required by law, and has since that time made the payments as required, and that during this time the appellee was an actual settler in good faith, making his home of section No. 208, and that he has continuously resided upon that section and purchased the land in question as additional lands within five miles of his home section, and that at the date of his application he owned school land other than that in controversy,—his home section No. 208, and section No. 2, B. S. & F., and section No. 150, Southern Pacific Railway, and no other.

On the 20th day of November, 1901, the appellant applied to purchase the land in controversy, and at that time the records of Tom Green County showed that the lands had been sold to the appellee Butler on his application filed in the Land Office November 3, 1899. The plaintiff applied to purchase the land at $2 per acre, and at the time executed his obligation in the manner and form as required by law, and filed his application with the clerk of the County Court of Tom Green County, and made his first payment to the State Treasurer, as required.

It is unnecessary for us to state the facts bearing on the issue of res adjudicata, as we rest our decision on the facts as before stated. It is apparent from the evidence that before any right was attempted to be acquired by the appellant, the Commissioner of the Land Office awarded the land in controversy to the appellee, and that at the time of the award, he acted upon the appraisement and valuation of $1 an acre. According to the doctrine announced in Stewart v. Wagner, 68 S. W. Rep., 297, the change in valuation by the Commissioner of the Land Office to $1 an acre a few days after the appellee applied to purchase the same, entitled the Commissioner to accept this as the standard of value in awarding the land to appellee, and the appellant is not in a position to question the action of the Commissioner in this respect.

We have examined all the questions raised by the assignments of error, and think that none are well taken. The facts as found and the conclusion reached justified the peremptory instruction of the trial court to return a verdict for appellee Butler. Judgment affirmed.

*Affirmed.*